1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   JAY T. RAMSEY, Cal Bar No. 273160
2  KEVIN MURPHY, Cal Bar No. 346041
   1901 Avenue of the Stars, Suite 1600
3  Los Angeles, California  90067-6017
   Telephone:  (310) 228-3700
4  Facsimile:  (310) 228-3701
   E mail      jramsey@sheppardmullin.com
5              kemurphy@sheppardmullin.com

6
   *Attorneys for Defendant*
7  U.S. BANCORP

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  TAWNYA RODRIGUEZ,                    Case No.   **'25CV2029 BJC SBC**

13                                       **DEFENDANT U.S. BANCORP'S**
              Plaintiff,                 **NOTICE OF REMOVAL**
14
         v.                              [Superior Court of California, County of
15                                       San Diego, Case No. 25CU034289C]
   U.S. BANCORP, a Delaware entity,
16  d/b/a WWW.USBANK.COM,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                    -1-

1    TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF TAWNYA

2    RODRIGUEZ AND HER COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that defendant U.S. Bancorp ("**Defendant**") hereby

4    provides notice of removal to the United States District Court for the Southern

5    District of California of the following lawsuit filed on June 27, 2025 in the San

6    Diego County Superior Court: *Tawnya Rodriguez v. U.S. Bancorp*, Case No.

7    25CU034289C.  The following is a short, plain statement of the grounds for

8    removal.  *See* 28 U.S.C. § 1446(a).

9    **I.    DESCRIPTION OF THE ACTION**

10    1.    On June 27, 2025, Plaintiff Tawnya Rodriguez ("**Plaintiff**") filed a

11    complaint against U.S. Bancorp in San Diego County Superior Court (the "**State**

12    **Court Action**").  Plaintiff alleges that Defendant "installed on its Website

13    [usbank.com] a spyware pixel called 'Magnite' to identify Website visitors."

14    Complaint ¶ 10.  Plaintiff further alleges that Magnite "begins to collect information

15    the moment a user lands on the Website before any pop-up or cookie banner advises

16    users of the invasion or seeks their consent" and "requests and transmits other

17    identifying personal information to Magnite that allows Magnite to link a user's

18    behavior on Defendant's website to the visitor's social media accounts."  *Id.*

19    2.    Based on these allegations, Plaintiff asserts three causes of action

20    against Defendant for: (1) Violation of the Federal Wiretap Act, 18 U.S.C. § 2511;

21    (2) Violation of the California Trap and Trace Law, Cal. Penal Code § 638.51; and

22    (3) Intrusion Upon Seclusion.

23    3.    True and correct copies of the Complaint (which describes the nature of

24    the action in more detail) along with all process, pleadings, and orders that Plaintiff

25    served on Defendant as of the date of the Notice of Removal are attached

26    collectively as **Exhibit A**.

27

28

-2-

SMRH:4906-9831-6123.1                                                        NOTICE OF REMOVAL

## II.   BASIS FOR REMOVAL (FEDERAL QUESTION)

4.     Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction."  28 U.S.C. § 1367(a).

5.     Here, Plaintiff asserts against Defendant a cause of action arising under federal law, for "Violation of the Federal Wiretap Act, 18 U.S.C. § 2511." Complaint, First Cause of Action, ¶¶ 35-40.  This cause of action arises under Federal law, and thus the District Court has original jurisdiction over it.  The remaining causes of action are all based on the same facts and circumstances, and thus the District Court has supplemental jurisdiction over them, and the entire action is removable.  Even if the District Court did not have supplemental jurisdiction over the remaining claims, the entire action is still removable under 28 U.S.C. § 1441(c)(1)(B), which provides that the entire action may be removed even where some claims are not within the original or supplemental jurisdiction of the Court.

6.     Accordingly, this action is properly removed under 28 U.S.C. §§ 1331, 1367(a), and 1441(a).

## III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

7.     This Notice of Removal contains a "short plain statement of the grounds for removal," and copies of the Complaint and any other process, pleadings, and orders that Plaintiff served on Defendant as of the date of the Notice of Removal (*see* Ex. A).  28 U.S.C. § 1446.

8.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Defendant was served with the Complaint on July 8, 2025 and is filing this Notice of Removal within thirty days of service.  (*See* Ex. A).

9.     Venue is proper in the United States District Court for the Southern District of California because this action was filed and is pending in the Superior

1  Court of California, San Diego County, which is within this District.  28 U.S.C. §§

2  1441(a), 1446(a).

3      10.    This Notice of Removal will be promptly served on Plaintiff and filed

4  with the San Diego County Superior Court.  28 U.S.C. § 1446(d).  There are no

5  other named defendants whose consent would be required for removal.  *See* 28

6  U.S.C. § 1446.

7      11.    By removing the action to this Court, Defendant does not waive any

8  defenses that are available to it under state or federal law.  Defendant expressly

9  reserves all threshold defenses to this action and its right, for example, to move to

10  compel arbitration, and/or to dismiss or for the entry of judgment pursuant to

11  Federal Rule of Civil Procedure 12 and 56.

12  **IV.    CONCLUSION**

13      12.    WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446

14  and for the reasons set forth above, Defendant respectfully requests that the State

15  Court Action pending before the Superior Court of the State of California for the

16  County of San Diego be removed to the United States District Court for the

17  Southern District of California.

18

19  Dated:  August 7, 2025         SHEPPARD MULLIN RICHTER & HAMPTON LLP

20

21                            By _____
                                          */s/ Jay T. Ramsey*
22                                        JAY T. RAMSEY
                                          KEVIN MURPHY
23

24

25                                      *Attorneys for Defendant*
                                          U.S. BANCORP
26

27

28

-4-